# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MANUEL BURCIAGA,<br><br>Defendant. | 1:06-CR-00269-LJO -1<br><br>**MEMORANDUM DECISION AND ORDER RE DEFENDANT'S REQUEST TO WITHDRAW HIS GUILTY PLEA (DOC. 93).** |

On August 10, 2006, Defendant Manuel Burciaga was indicted on five drug trafficking charges: possession with intent to distribute methamphetamine; conspiracy to distribute methamphetamine; possession of firearms in furtherance of drug trafficking; conspiracy to possess firearms in furtherance of drug trafficking; and being a felon in possession of a firearm. *See* Docs. 1 & 65. On or about February 28, 2008, Defendant entered into a plea agreement, pursuant to which he agreed to plead guilty to two charges: conspiracy to distribute and possession with intent to distribute methamphetamine. Doc. 65 at 3. Defendant also agreed to waive his appeal rights, including his right to contest his plea, conviction or sentence in any post-conviction proceeding, including under 28 U.S.C. § 2255. *Id*. at 3-4. The Court accepted Defendant's plea on March 3, 2008. Doc. 66. On May 20, 2008, Defendant was sentenced to a 144 month term of imprisonment on the two counts to which he plead guilty. Doc. 68.

On June 9, 2014, the Court received a letter from Defendant dated "Month June, Day Three, Year 2014" and entitled "Notice of Rescission," in which Defendant states:

> I Manuel Lorenzo Burciaga (agent) acting upon behalf of MANUEL BURCIAGA (ens legis) hereby give you NOTICE that as a result of MISTAKE I rescind any/all contract(s), agreement(s) and plea(s) entered into with you, your office, agent(s), agency(s), department(s) or any instrumentality thereof in regard to CASE NO. 1:06CR00269-001 and/or

1

CASE No. 1:06-cr-00269-LJO-1 and/or any other combination of numbers and or letters that may refer to this CASE.

Doc. 93. As the Federal Rules of Criminal Procedure do not provide for the filing of a "notice of rescission," the Court will treat this request as a motion to withdraw his guilty plea, which is governed by Fed. R. Crim. P. 11.

Fed. R. Crim. P. 11(e) prohibits the withdrawal of a guilty plea after the court imposes sentence:

> Finality of a Guilty or Nolo Contendere Plea. After the court imposes sentence, the defendant may not withdraw a plea of guilty or nolo contendere, and the plea may be set aside only on direct appeal or collateral attack.

Accordingly, Defendant's letter, construed as a motion to withdraw his guilty plea, is DENIED.

IT IS SO ORDERED.

Dated:   **June 19, 2014**                        **/s/ Lawrence J. O'Neill**
                                                 UNITED STATES DISTRICT JUDGE